UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SAMUEL DAVIS, JR., <br><br> Plaintiff, <br><br> v. <br><br> JEFFREY TICKNOR, et al., <br><br> Defendants. | CAUSE NO. 3:20-CV-762-JD-MGG |

OPINION AND ORDER

Samuel Davis, Jr., a prisoner without a lawyer, filed an amended complaint alleging seven defendants violated his rights in connection with a Sexual Battery charge filed against him in State court. ECF 6. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Davis was charged with Sexual Battery in the Kosciusko Superior Court. ECF 1-1 at 4. He was acquitted on March 3, 2020. *Id*. at 9-10. Davis alleges Detective Jeffery

Ticknor and Police Officer Wayne Wilke falsified reports, unlawfully arrested him, lied under oath, retaliated against him, and slandered him. Davis attaches a police report written by Officer Wilke and an Affidavit of Probable Cause signed by Detective Ticknor. ECF 1-1 at 1-3. The report and the affidavit describe Davis touching the victim's vagina through her clothing with his foot and hand. Davis does not allege the officers inaccurately documented those statements. Rather, he alleges the reports are false because the victim told them she had not been raped, but was then recorded telling her mother and grandmother she had been raped. However, neither the report nor the affidavit say the victim reported being raped. Davis was not charged with Rape – he was charged with Sexual Battery. Though the report says Officer Wilke was dispatched to interview the victim because "of a possible rape," merely reporting that he was dispatched to investigate a possible crime which the report implicitly concludes did not happen, does not make the report false. Because the complaint does not identify a false statement, the allegation these officers submitted false reports does not state a claim.

Davis alleges he was unlawfully arrested. "Probable cause is an absolute defense to any claim under § 1983 for wrongful arrest or false imprisonment." *Bailey v. City of Chicago*, 779 F.3d 689, 694 (7th Cir. 2015). "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006).

Here, the defendant officers had probable cause to believe Davis had committed Sexual Battery:

> (a) A person who, with intent to arouse or satisfy the person's own sexual desires or the sexual desires of another person:
> (1) touches another person when that person is:
> (A) compelled to submit to the touching by force or the imminent threat of force . . ..

Ind. Code § 35-42-4-8(a)(1)(A). The victim told them Davis "used his foot to rub her legs, thigh and touched her vagina on the outside of her clothing making her feel very uncomfortable. She repeatedly told him to stop and he continued. She called for Chase Harding to come into the room, but was afraid to tell him what occurred because Chase Harding would batter Sammy Davis Jr." ECF 1-1 at 3. She further told them that while alone in a car with him, "Sammy Davis Jr then used his hand to touch her vagina on the outside of her clothing and began talking sexually to her. She continually told him to stop and he continued touching her." *Id*. Because Davis would not stop when the victim told him to stop, the defendant police officers had probable cause to believe Davis was compelling the victim to submit to being touched by an imminent threat of force with the intent to satisfy his or her sexual desires. Though the jury ultimately acquitted Davis, "[p]robable cause requires 'only a probability or substantial chance of criminal activity, not an actual showing of such activity.'" *United States v. Schenck*, 3 F.4th 943, 946 (7th Cir. 2021) *quoting Illinois v. Gates*, 462 U.S. 213, 243 n.13 (1983).

Davis alleges Detective Ticknor and Officer Wilke lied under oath. To the extent he is alleging they lied about the victim being raped, as previously noted, neither the report nor the affidavit say the victim was raped. To the extent he is alleging they made

3

false statements as witnesses at his trial, witnesses (even police officers) have witness immunity.

> It is long-established that witnesses enjoy absolute immunity and we have acknowledged that this protection covers the preparation of testimony as well as its actual delivery in court. The rule is designed to aid the search for truth by limiting any fear of recrimination, which in turn decreases any attendant motivation to self-censor.

*Canen v. Chapman*, 847 F.3d 407, 415 (7th Cir. 2017) (citations omitted).

Davis alleges Detective Ticknor and Officer Wilke arrested him out of retaliation for his having filed a lawsuit more than a decade before. In *Davis v. Brumfield*, 3:08-cv-130 (N.D. Ind. filed March 17, 2008), Davis sued two Kosciusko County Deputy Sheriffs. However, "[b]ecause there was probable cause to arrest [Davis], his retaliatory arrest claim fails as a matter of law." *Nieves v. Bartlett*, 587 U.S. __, __; 139 S. Ct. 1715, 1728; 204 L. Ed. 2d 1 (2019). *Nieves* provided for an exception to this rule, but it is not applicable here. The existence of probable cause does not defeat a retaliation claim "when a plaintiff presents objective evidence that he was arrested when otherwise similarly situated individuals not engaged in the same sort of protected speech had not been." *Id.*, 139 S. Ct. at 1727. Here, the complaint gives no indication that individuals who had not previously filed a lawsuit against a law enforcement officer were allowed to rub the genitals of non-consenting persons without being arrested.

Davis alleges Detective Ticknor and Officer Wilke slandered him, but his "interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law." *Paul v. Davis*, 424 U.S. 693, 712 (1976). Therefore, none of the several allegations against Detective Jeffery Ticknor and

4

Police Officer Wayne Wilke state a claim. Davis also alleges all of the other defendants slandered him, but for the same reason, those allegations do not state a claim either.

Davis alleges Deputy Prosecuting Attorney Daniel Hampton violated his rights by filing Sexual Battery charges against him and having him arrested. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence." (quotation marks and citation omitted)). Therefore, the complaint does not state a claim against Deputy Prosecuting Attorney Daniel Hampton.

Davis alleges Probation Officer Kelly Krugman violated his rights by filing a warrant for his arrest for a probation violation. However, "filing requests for revocation are not violations of section 1983; they are the job description for the often thankless job of probation officer. Moreover, in filing the memoranda requesting that the state's attorney begin proceedings to revoke probation, Chibucos was engaged in a quasi-judicial function for which she is protected by absolute immunity." *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018). Therefore, the complaint does not state a claim against Probation Officer Kelly Krugman.

Davis alleges criminal defense attorneys John Barrett and Travis Neff did not effectively represent him in various ways. However, a criminal defense attorney, even an appointed public defender, does not act under color of state law. *Polk County v.*

5

*Dodson*, 454 U.S. 312 (1981). Therefore, the complaint does not state a claim against criminal defense attorneys John Barrett and Travis Neff.

Davis alleges Maggie Harding, the victim he was accused of sexually assaulting, violated his rights by falsely reporting and lying under oath. However, "the mere act of filing false police reports is not actionable under § 1983." *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019). Moreover, witness immunity shields her from suit based on her testimony. *Canen v. Chapman*, 847 F.3d 407, 415 (7th Cir. 2017) Therefore, the complaint does not state a claim against Maggie Harding.

This complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, Davis could not plausibly amend his complaint to state a claim based on the events described in this complaint.

For these reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED on August 27, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

6